

Filed 05/11/11     Case 10-50583     Doc 32

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

FILED
MAY 1 1 2011
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA

In re:  ) Case No. 10-50583-D-7
 )
JIMMIE EARL STEPHEN,  )
 )
                Debtor.  )
_____)

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

### MEMORANDUM DECISION

On May 9, 2011, the debtor in this case, Jimmie Earl Stephen (the "debtor"), filed a motion to disqualify the undersigned as the judge in this case (the "Motion"). For the following reasons, the Motion will be denied.

### I. BACKGROUND

The debtor complains of two actions taken by this court -- (1) an order signed by the undersigned denying the debtor's application for waiver of the filing fee, and (2) an order signed by a deputy of the clerk of the court dismissing the case.[1] Some background is in order.

The debtor filed the petition commencing this case on November 19, 2010. At the same time, the debtor filed an application for waiver of the filing fee; however, he did not

---

1. This latter order was signed under the authority of the court's Special Order 10-02, In re Delegation of Authority to the Clerk of the Bankruptcy Court and his Deputies, September 2, 2010 ("Special Order 10-02").

file the following:  Schedule A, Schedule C, Schedule D, Schedule
H, Verification and Master Address List.  Therefore, the clerk of
the court, pursuant to Special Order 10-02, issued a Notice of
Incomplete Filing and Notice of Intent to Dismiss Case If
Documents Are Not Timely Filed (the "Notice"), which advised the
debtor of the deadlines for filing the missing documents --
November 29, 2010 for the Verification and Master Address List
and December 3, 2010 for the missing schedules -- and cautioned
the debtor that the failure to timely file the missing documents,
to timely seek an extension of time, or to timely file a notice
of hearing may "result in the <u>automatic dismissal</u> of this
bankruptcy case <u>without further notice</u>."  (Emphasis in original.)
The Notice was served on the debtor by the Bankruptcy Noticing
Center on November 24, 2010.

    The Notice included the additional caution that "*(if two dates are shown, two separate deadlines are established for each of the options described below; each date must be timely satisfied as to the documents governed by that date)*."  (Emphasis in original.)  Thus, the Notice made clear that the deadline for filing the Verification and Master Address List (or for filing a request for extension or a notice of hearing) was November 29, and the deadline for filing Schedules A, C, D, and H was December 3.[2]

    The debtor did not by November 29, 2010 file a Verification and Master Address List, seek an extension of time, or file a

---

    2.  It appears from the Motion that the debtor understood that a single deadline -- December 3 -- applied for both the schedules and the Verification and Master Address List.

- 2 -

notice of hearing, and on November 30, 2010, a deputy of the clerk of the court, in accordance with the authority granted by Special Order 10-02, dismissed the case.

Earlier, on November 23, 2010, the undersigned had signed an order denying the debtor's application for waiver of the filing fee based on failure to file the schedules and statements required by 11 U.S.C. § 521(a) within the time required by Fed. R. Bankr. P. 1007(c). It appears this order was incorrect, as the time period for filing the schedules had not yet expired. However, the issue of the fee waiver became moot when the case was subsequently dismissed for failure to timely file the Verification and Master Address List.

## II. ANALYSIS

This court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334 and 157(b)(1). The Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A) & (O); In re Betts, 143 B.R. 1016, 1018 (Bankr. N.D. Ill. 1992).

"A bankruptcy judge shall be governed by 28 U.S.C. § 455, and disqualified from presiding over the proceeding or contested matter in which the disqualifying circumstance arises, or, if appropriate, shall be disqualified from presiding over the case." Fed. R. Bankr. P. 5004(a).

A judge of the United States "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" (28 U.S.C. § 455(a)), "[w]here he has a personal bias or prejudice concerning a party . . ." (§ 455(b)(1)), and in various other instances, such as where he has previously been a lawyer in the matter or where he has a financial interest in the

subject matter of the proceeding. § 455(b)(2)-(5).

The standard for recusal is objective: "'whether a reasonable person with knowledge of all of the facts would conclude that the judge's impartiality might reasonably be questioned.'" In re Georgetown Park Apartments, Ltd., 143 B.R. 557, 559 (B.A.P. 9th Cir. 1992), quoting United States v. Nelson, 718 F.2d 315, 321 (9th Cir. 1983), other citations omitted.

Cases applying recusal statutes apply a presumption of impartiality. See First Interstate Bank v. Murphy, Weir & Butler, 210 F.3d 983, 987 (9th Cir. 2000); In re Spirtos, 298 B.R. 425, 431 (Bankr. C.D. Cal. 2003). Further, in general, "the alleged bias and prejudice to be disqualifying must stem from an extrajudicial source;" that is, "a source outside the judicial proceeding at hand." Liteky v. United States, 510 U.S. 540, 544-45 (1994), quoting United States v. Grinnell Corp., 384 U.S. 563, 583 (1966).

Thus, significantly for this case,

> [j]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. (Citation.) In and of themselves (. . .), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (. . .) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal.

Liteky, 510 U.S. at 555; In re Focus Media, Inc., 378 F.3d 916, 930 (9th Cir. 2004) [the argument that a ruling was erroneous does not support a recusal motion].

The only fact alleged here is that the debtor is dissatisfied with the order dismissing the case and the order denying the application for a fee waiver, which is not a proper

- 4 -

ground for disqualification. Further, the undersigned played no role at all in the order dismissing the case except as a member of the court and a signor of Special Order 10-02. The undersigned issued the order denying the application for a fee waiver as a routine matter with no knowledge of the debtor or his circumstances other than as set forth in the application.[3]

### III. CONCLUSION

The debtor alleges no facts that would support a finding of bias or prejudice on the part of the undersigned or that would demonstrate that the impartiality of the undersigned might reasonably be questioned. In addition, the undersigned is satisfied that in issuing the order denying the debtor's application for a fee waiver, he acted without any bias or prejudice in favor of or against the debtor or any other party. The debtor's remedy, if any, lies with the appellate courts, a remedy he is pursuing.

For these reasons, the Motion will be denied. The court will issue an appropriate order.

Dated: May 11, 2011

ROBERT S. BARDWIL
United States Bankruptcy Judge

---

3. The Motion refers to the case being remanded on April 28, 2011 for a "wrongful ruling" of November 23, 2010 in regards to "forma pauperis." Thus, it appears the debtor believes the district court's order of April 28, 2011, a copy of which is attached to the Motion, pertains to this court's November 23, 2010 order denying his application for fee waiver. That is incorrect. The district court's order pertains to the debtor's application to proceed with his appeal in forma pauperis. This court will address the district court's order in a separate decision.

- 5 -

**CERTIFICATE OF MAILING**

    I, Andrea Lovgren, in the performance of my duties as Deputy Clerk to the Honorable Robert S. Bardwil, caused to be mailed by ordinary mail a true copy of the attached document to each of the parties listed below:

Jimmie Earl Stephen C56483
P.O. Box 4000-22-H-3-L
Vacaville, CA 95696

Alan Fukushima
9245 Laguna Springs Dr., #200
Elk Grove, CA 95758

DATE: MAY 11 2011

_____
Deputy Clerk