FILED

MAY 1 2 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

In re:　　　　　　　　　　　　)　　Case No. 10-50583-D-7
　　　　　　　　　　　　　　　)
JIMMIE EARL STEPHEN,　　　　　)
　　　　　　　　　　　　　　　)
　　　　　　　　　Debtor.　　　)
_____　　)

**This memorandum decision is not approved for publication and may
not be cited except when relevant under the doctrine of law of
the case or the rules of claim preclusion or issue preclusion.**

## MEMORANDUM DECISION

On December 16, 2010, the debtor in this case, Jimmie Earl
Stephen (the "debtor"), filed a notice of appeal from this
court's order denying his application for waiver of the filing
fee and the order dismissing this chapter 7 case.  The appeal is
pending in the Ninth Circuit Bankruptcy Appellate Panel ("BAP")
as Case No. EC-10-1511.[1]

On March 25, 2011, the debtor filed in the BAP a motion for
leave to proceed with the appeal in forma pauperis (the "IFP
Motion").  On April 7, 2011, the BAP transferred the IFP Motion
to the United States District Court for this district on the
basis that the BAP has no authority to grant in forma pauperis
motions under 28 U.S.C. § 1915(a) because bankruptcy courts are
not "court[s] of the United States" as defined in 28 U.S.C. §

_____

1. By order of the BAP dated March 7, 2011, the scope of
the appeal has been limited to the November 30, 2011 order
dismissing the case.

1  451.  The BAP cited <u>Perroton v. Gray (In re Perroton)</u>, 958 F.2d

2  889 (9th Cir. 1992) and <u>Determan v. Sandoval (In re Sandoval)</u>,

3  186 B.R. 490, 496 (9th Cir. BAP 1995) for this holding.

4       The district court, in turn, on April 28, 2011 issued an

5  order holding that, as units of the district court under 28

6  U.S.C. § 151, "[w]ithin their subject matter jurisdiction, 28

7  U.S.C. § 157, bankruptcy judges have authority to grant in forma

8  pauperis status as would any other judge of the district court."[2]

9  Thus, the district court concluded that the IFP Motion had been

10  erroneously transferred to the district court rather than the

11  bankruptcy judge who presided in this case, and transferred the

12  IFP Motion to this court.  The district court did not address the

13  <u>Perroton</u> and <u>Sandoval</u> cases.

14       As the BAP is comprised of bankruptcy judges, it appears the

15  BAP is, as much as this court, a "court of the United States"

16  with, according to the district court, the jurisdiction to hear

17  and determine in forma pauperis motions under 28 U.S.C. §

18  1915(a).  This court believes it is most appropriate for the

19  court where the matter is pending to decide the debtor's request

20  for a waiver of the filing fee for that matter.  If the BAP feels

21  differently, upon remand with any instructions, this court will

22  decide the IFP Motion.

23  / / /

24  / / /

25  / / /

26  _____

27      2.  Order filed April 28, 2011 in <u>Stephen v. Fukushima</u>,
United States District Court, Eastern District of California,

28  Case No. MC 0037 MCE GGH PS, at 2:4-6.

1        Accordingly, this court will transfer the IFP Motion back to

2 the BAP.    The court will issue an appropriate order.

3

Dated: May 12, 2011          *Robert Bardwil*

4                               ROBERT S. BARDWIL

                              United States Bankruptcy Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF MAILING**

    I, Andrea Lovgren, in the performance of my duties as Deputy Clerk to the Honorable Robert S. Bardwil, caused to be mailed by ordinary mail a true copy of the attached document to each of the parties listed below:

Jimmie Earl Stephen C56483
P.O. Box 4000-22-H-3-L
Vacaville, CA 95696

Alan Fukushima
9245 Laguna Springs Dr., #200
Elk Grove, CA 95758

DATE:   MAY 1 2 2011

                                                                     Deputy Clerk

- 2 -